```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Raymond Orrand,                :

    Plaintiff,              :

  v.                           :        Case No. 2:09-cv-786

The Collinwood Shale Brick     :        JUDGE SMITH
and Supply Company,
                               :
    Defendant.

                        OPINION AND ORDER

    On March 23, 2010, plaintiff filed a motion for summary judgment.  Local Civil Rule 7.2(a)(2) allows an opposing party twenty-one days to file a memorandum in opposition.  As of this date, no such memorandum has been filed.  For the following reasons, the Court will grant summary judgment to the plaintiff.

## I.  The Legal Standard

    Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute.  It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464 (1962).  The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).  Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party.  United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in

support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion. It is with these standards in mind that the instant motion must be decided.

## II. The Facts

The only factual materials before the Court are those attached to plaintiff's summary judgment motion. They consist of an affidavit signed by Raymond Orrand, the Administrator for the Trustees of the Ohio Operating Engineers plans and funds which are involved in this case, and an audit report. Mr. Orrand's affidavit swears to the accuracy of the audit report.

According to the affidavit and report, defendant has a contractual obligation to submit contributions to the Ohio Operating Engineers Health and Welfare Plan, Pension Fund, Apprenticeship Fund, and Education and Safety Fund. Defendant has not made all of its required contributions. In particular, it owes $10,280.36 to the various funds, and has also accrued interest and penalties in the total amount of $3,343.22 through September 15, 2009. After that date, daily interest accrues at the rate of $10.14. Because no conflicting evidence has been submitted, the Court is entitled to treat all of these factual allegations as true. See Orrand v. Horner Const., Inc., 2008 WL

5142415 (S.D. Ohio December 5, 2008).

### III. Legal Analysis

There is no dispute about the legal entitlement of funds and plans like the ones administered by Mr. Orrand to collect delinquent contributions, interest as provided for in the plans, and a like sum as a penalty for late payment. See 29 U.S.C. §1132(g); Upper Ohio Valley Laborers Sec. Fund v. MMMIC, Inc., 2009 WL 35072 (S.D. Ohio January 6, 2009). Consequently, the Court will enter a monetary judgment in the amount requested.

Plaintiff has also requested, in its motion, an award of injunctive relief concerning the defendant's future compliance with its obligation to make contributions to the funds and plans. There is no specific evidence submitted to support that request. This Court has declined to award injunctive relief when the only evidence of the defendant's failure to comply with its obligations is the present lawsuit. See Orrand v. TNS, Inc., 2009 WL 936974 (S.D. Ohio April 1, 2009)(Smith, J.); see also Ironworkers Local 549-550 Medical & Benefit Fund v. Pro-Con LLC, Case No. 2:09-cv-530 (March 25, 2010)(Sargus, J.). The Court reaches the same result here.

Finally, the motion asks for an award of attorneys' fees. No evidence has been submitted in support of that request. Fed.R.Civ.P. 54(d)(2) allows a motion for attorneys' fees to be filed within fourteen days after the entry of judgment. The Court assumes that if plaintiff wishes to pursue an award of fees, it will file a timely motion for such relief.

### IV. Order

Based on the foregoing, plaintiff's motion for summary judgment is granted in part and denied in part. Plaintiff's requests for injunctive relief and attorneys' fees are DENIED, with the latter denial being without prejudice to the filing of a timely motion under Fed.R.Civ.P. 54(d)(2). Plaintiff's request for monetary relief is GRANTED. Plaintiff is awarded the sum of

$13,623.58, plus interest accruing at the rate of $10.14 per day from September 15, 2009.  The Clerk is directed to enter judgment in plaintiff's favor in that amount and to terminate this case.


/s/ George C. Smith
George C. Smith
United States District Judge